Case 4:22-cv-00330   Document 1   Filed on 01/31/22 in TXSD   Page 1 of 11

United States Courts
Southern District of Texas
FILED

JAN 31 2022

Nathan Ochsner, Clerk of Court

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | |
|---|---|
| CHARLES OTIS HERRING,<br>*Plaintiff Pro Se* | )<br>)<br>)<br>) |
| --Vs.-- | )   Civil Action No. _____<br>)<br>) |
| BUC-EES, LTD,<br>*Andy Goldberg, and*<br>*Quita (LNU) individually,*<br>*Defendants* | )<br>)<br>)<br>) |

PLAINTIFF'S ORIGINAL COMPLAINT
(with a Jury Demand)

**COMES NOW Charles Otis Herring, In Pro Se,** who herewith files this action for relief from employment discrimination in violation of Title VII of the Civil Rights Act of 1964, *as amended* (" Title VII "). In support of his Complaint, Plaintiff would respectfully show unto the Court as follows:

## I.

## NATURE OF THE ACTION

This is an action for relief from employment discrimination in violation of Title VII of the Civil Rights Act of 1964, *as amended* Title VII.

## II.

## PARTIES

1. Plaintiff Charles Otis Herring is a sixty-year old African American male who was employed as a maintenance technician at the Defendant's retail store located in Wharton, Texas from June 16, 2021 through July 28, 2021. Plaintiff was employed by Buc-ees, Ltd. at all times relevant to facts giving rise to these causes of action and was a member of a protected class under the statute.

2. Plaintiff alleges that Defendants Buc-ees, Ltd., through its employees Andy Goldberg, and Quitta (LNU) unlawfully discriminated against him on the basis of his National origin characteristics, and harassed him on the basis of his national origin, and retaliated against him for reporting said harassment to management.

3. Plaintiff further alleges that the Defendant's policies, practices, and decisions – all arising from their employee's claim of attempting to eliminate gender insensitivity unfairly targeted Plaintiff as the source of a sexual harrassment allegation as a cleverly disguised means of effectuating racial discrimination where no such allegations had ever even been made by the purported victim. Plaintiff further alleges that Defendants acted

conspiratorially to violate Plaintiff's rights under Title VII, and ultimately terminated him unfairly because of same.

4. Upon information and belief, Defendant Buc-ees, Ltd. is a retail/convenience store chain that maintains 40 retail locations employing approximately seven thousand employees. Defendant operates a retail store in Wharton, Texas, and all or most of the events alleged herein occurred while Plaintiff was employed by Defendants in that retail location. At all times relevant herein, Defendant Buc-ees, Ltd. had at least fifteen employees, and was therefore an "employer" within the meaning of Title VII.

5. Plaintiff is informed and believes and thereon alleges that at all times relevant herein, each of the Defendants named individually, and those whose names are unknown were responsible in some manner for the occurrences and injuries alleged in this complaint. Their names and capacities are limited to a first name in one instance, as Defendant's department managers would not make this information available to Plaintiff for purposes of this litigation. Plaintiff will amend this complaint to show such true names when the same have been ascertained.

6. Plaintiff asserts, and hereby alleges that Defendant is liable for the acts of their agents and employees as set forth below under the theory of *respondeat superior.*

### III. JURISDICTION AND VENUE

7. This Court has jurisdiction of Plaintiff's federal law claims pursuant to 28 U.S.C. & 1331, as this case involves questions of federal law.

8. Venue is proper in, and Defendants are subject to the personal jurisdiction of this Court because Defendants maintain facilities and business operations in this District, and all or most of the events giving rise to this action occurred in this District. 28 U.S.C. & 1391 (b); 42 U.S.C. 2000e-5(f)(3).

## IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

9. Plaintiff timely filed a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC") on or around November 04, 2021. Plaintiff was informed shortly thereafter that the EEOC granted Plaintiff the Right To Sue. Attached hereto, please find the charge, and the right to sue notice as Plaintiff's Exhibits #1, and #2 respectively for all inspection purposes.

10. Plaintiff has timely filed this action and has complied with all administrative prerequisites to bring this lawsuit.

## V. RELEVANT FACTS

11. At all times relevant to facts giving rise to this cause of action, Plaintiff was employed as a maintenance technician at Defendant's retail store in Wharton, Texas.

12. Plaintiff was hired to work at the Defendant's retail store on or about June 12, 2021. Plaintiff received the various certifications necessary for all employees on or about June 24, 2021.

13. Plaintiff received all documentation from the HR Manager on or about June 24, 2021 relating to the job requirements, store policies, and general rules of employment. At no time did Plaintiff receive information regarding any type of 'additional' gender sensitivity training as consistent with Defendant's general policies for all new male employees.

14. Plaintiff was issued a Company cup with his name written on it for purposes of obtaining free beverages while at work. The store policy concerning free beverages for employees was discussed with Plaintiff upon his hire.

15. Plaintiff was advised that if employees did not have their issued cup, that they were to use a throw-away styrofoam cup to obtain beverages.

16. On or about July 18, 2021, Plaintiff was harassed due to his national origin, and ethnic background when Defendant Quita (LNU) observed him speaking to a white female employee named Mackenzie Bubela and reported Plaintiff to store managers for sexual harassment.

17. Defendant Quita (LNU) conspired with Defendant Goldberg in an attempt to violate Plaintiff's Constitutional rights by harassing him and attempting to intimidate Plaintiff for speaking to white females as a black man. To this end, Plaintiff was called into the office by Defendant Goldberg, with the Asst. Store Manager named Robert (LNU) also in attendance at said meeting. Robert merely served as a witness to the exchange between Plaintiff and Defendant Goldberg and had nothing to offer, or to say at all to Plaintiff.

18. Plaintiff was accused of sexually harassing a white female employee. When it was discovered that no allegations of any type of sexual harassment had been made by said female, (Ms. Mackenzie Bubela), as had been the accusation made by Defendant Quita, Plaintiff was

advised to "Stay out of the coffee room" by Defendant Goldberg, even though there was no factual basis for the complaint made by Defendant Quita (LNU).

19. Plaintiff alleges that the basis of Defendant Quita's false complaint was based upon her own personal biases relating to Plaintiff's race, and had nothing to do with the Defendant's corporate policies. In as such, Defendants Goldberg, and Defendant Quita (LNU) conspired to violate Plaintiff's constitutional rights by subjecting him to false, and unjustified sexual harassment allegations, and are sued individually as well as being agents, servants, and / or employees of Defendant.

20. On or about July 24, 2021, Plaintiff reported his concerns to the Store's General Manager, Lance (LNU) that he would be retaliated against by Defendant Quita and / or Defendant Goldberg. The store manager listened to the Plaintiff's concerns, but said nothing further to Plaintiff on these matters. The store manager advised Plaintiff that he would speak to Quita about the situation.

21. On or about July 28th, 2021, Plaintiff was performing his duties as a maintenance technician at store Number 39 in Wharton, Texas. Plaintiff was fired by Defendant Goldberg for using a styrofoam cup ( designated for free water only) to obtain an otherwise free cup of coffee . Plaintiff's cup had been placed in the coffee room by another employee, and Plaintiff was without the means to retrieve the cup from the coffee room as he had been ordered to "stay out of the coffee room " by Defendant Goldberg. The coffee room was an area designated to be tended to by all maintenance personnel.

22. Defendant Goldberg terminated Plaintiff's employment with Defendant based upon his claim that Plaintiff violated the company's anti-fraud initiative by using a styrofoam cup to obtain a cup of coffee which Plaintiff failed to pay for within a specific timeframe. Plaintiff did

not consume the coffee, nor did he leave the store with the item. Plaintiff alleges that his termination was a thinly-veiled discriminatory pretext in retaliation for reporting Defendants Goldberg and Quita (LNU) to upper-management for racial discrimination, and harassment.

23. No other newly-hired or other male employee was taken into the office and threatened concerning trumped-up sexual harassment allegations, or ordered to stay out of the coffee room. Plaintiff maintains that these actions indicate racist intent, as Plaintiff is a member of a protected class, and no other male employees were subjected to this treatment.

## VII. CAUSES OF ACTION

24. Plaintiff Charles Otis Herring alleges that Defendants Buc-ees, Ltd., through its agents, servants, and/or employees Andy Goldberg, and Quita (LNU) unlawfully discriminated against him on the basis of Plaintiff's national origin characteristics, including his ethnicity and retaliated against him for reporting said harassment.

25. Plaintiff further alleges that Defendants's policies, practices, and decisions – all arising from a 'gender' sensitivity policy Defendant established and enforced– had a disparate impact upon Plaintiff based on his national origin, Black American.

26. Plaintiff further alleges that Defendants conspired to violate his constitutional rights by terminating his employment as a pre-text to cover for having falsely accused Plaintiff of sexual harassment, required another plausible justification for his dismissal. This allegation reflects the adverse employment action taken by Defendants.

27. Plaintiff further alleges that Defendants failed to investigate and/or take any corrective measures to prevent discrimination and harassment in the workplace. Investigation of

these matters would have revealed that Plaintiff spoke to everyone during his shift, customers, and employees alike, and that no sexual harassment had occurred or was initiated by Plaintiff.

## VIII. CLAIMS

National Origin-Based Discrimination
(Disparate Impact) in Violation of
Title VII of the Civil Rights Act of
1964, *as amended,*
42 U.S.C. & 2000e-2(a)

28. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in paragraphs 1 through 27 above.

29. Section 703 of Title VII, 42 U.S.C. & 2000e-2, prohibits employment practices that discriminate against persons on the basis of their national origin. Plaintiff is informed and believes and thereon alleges that Defendant's employees conspired to harass and to intimidate him for speaking to white females at their retail location.

30, Plaintiff claims that Defendants conspired to violate his civil and constitutional rights by accusing him of sexual harassment toward Ms. Mackenzie Bubela, a white female employee, even though said Ms. Bubela had never made any allegations of sexual harassment against Plaintiff or anyone else.

31. Plaintiff claims that Defendant harassed Plaintiff due to his ethnic origin when he was threatened and accused of sexual harassment by Defendants Goldberg, and Quita (LNU),

32. Plaintiff maintains that Defendants knew, or should have known that no sexual harassment complaint had been made against him, and that the decision to call him to the office to threaten his employment violated his rights under Title VII.

33. Plaintiff alleges that his termination was unlawful, as it was done to provide cover for Defendant's employees for harassing Plaintiff due to his racial identity. To this end,

Defendant's policies, practices, and procedures were unfairly applied to Plaintiff's situation when he was terminated (*ostensibly*) for using a "water only" free styrofoam cup, when his assigned cup had been placed in an area which was restricted to him by another employee.

34. Defendant's decision to call Plaintiff into the office to threaten his employment due to a fabricated claim of sexual harassment (portrayed as a "zero tolerance" approach by management with regard to gender equality in the workplace) was neither manifestly job related nor consistent with business necessity. Plaintiff maintains that less discriminatory alternatives existed to achieve Defendants' stated business purposes.

35. But for the policies, practices, and procedures of Defendant which originated from the discriminatory acts of its employees, and as a direct, legal and proximate result of these acts, Plaintiff has sustained, and will continue to sustain economic and emotional injuries, resulting in damages in an amount to be proven at trial.

36. Defendant's unlawful actions were intentional, calculated, and malicious, and performed with callous disregard to Plaintiff's right to be free from discrimination in the workplace based on national origin.

37. Plaintiff is entitled to recover his reasonable attorneys fees and costs of suit.

## IX. DECLARATORY RELIEF ALLEGATIONS

38. A present and actual controversy exists between Plaintiff and Defendants concerning their rights and respective duties. Plaintiff contends that Defendants violated his rights under Title VII. Plaintiff is informed and believes and thereon alleges that the Defendants deny these allegations. Declaratory relief is therefore necessary and appropriate.

39. No plain, adequate, or complete remedy at law is available to Plaintiff to redress the wrongs addressed herein.

40. Plaintiff will be irreparably harmed absent the requested relief sought.

## X. PRAYER

**WHEREFORE PREMISES CONSIDERED,** Plaintiff respectfully prays that this Honorable Court would grant the following relief:

1. Declaratory Judgment that Defendants' actions, policies, and practices as alleged herein are unlawful.

2. For Plaintiff's lost wages and all potential compensation which was lost as a result of Defendant's unlawful actions, in an amount to be proven at trial.

3. For compensatory damages for Plaintiff's emotional pain and suffering, in an amount to be proven at trial.

4. For punitive damages in an amount to be determined at trial;

5. For liquidated damages;

6. For interest on lost wages, compensation, and damages, including pre- and post-judgment interest and an upward adjustment for inflation;

7. For reasonable attorneys fees and costs of suit pursuant to U.S.C. & 2000e-5(k).

8. For all other forms of relief which may be equitable, just, and proper, to which the Court may determine that Plaintiff is entitled to under the law.

Dated January 27, 2022

Respectfully Submitted,

/s/ *[signature]*

Charles Otis Herring - Plaintiff Pro Se
El Campo, Texas  77437
(979)-635-0760

**DEMAND FOR A JURY TRIAL**

Plaintiff demands a jury trial on all causes of action and claims to which he has a right to a jury trial.

Dated January 27, 2022

Respectfully Submitted,

/s/ *[signature]*

Charles Otis Herring
808 College Street
El Campo, Texas  77437
(979)-635-0760
herring.charles@yahoo.com