IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED
JAN 09 2023
Nathan Ochsner, Clerk of Court

| | |
|---|---|
| **Charles Otis Herring,** | ) |
| *Plaintiff* | ) |
| vs. | ) Civil Action No. 4:22-cv-00330 |
| **Buc-ee's Ltd,** | ) |
| *Defendants* | ) |

**PLAINTIFF'S SUR-REPLY IN OPPOSITION TO DEFENDANT
BUC-EE'S, LTD.'S MOTION FOR SUMMARY JUDGMENT**

**COMES NOW CHARLES OTIS HERRING,** Plaintiff In Pro Se who herewith files this, his Response In Opposition To Defendant Buc-ee's Motion For Summary Judgment, pursuant to Rule 15(a)(1) of the Federal Rules of Civil Procedure. In support of same, and for good cause, Plaintiff would respectfully show unto the court as follows:

**I.**

i

## II. NATURE OF THE CASE AND PROCEEDINGS BELOW

This is a claim alleging conspiracy to commit racial discrimination, racial discrimination, retaliation, hostile work environment, disparate treatment, constructive discharge and adverse employment impact, intentional tort, and a demand for damages relative to Plaintiff's claims presently before this court. Plaintiff's original and amended complaints have fully, and exhaustively examined the record in this case. Briefing on the summary judgment matter is appropriate. Discovery was thoroughly utilized and Plaintiff's Exhibits are included as Exhibits A -1 through A - 5. These items depict the actual sworn testimony of those persons being deposed, and are offered in evidence of this cause of action. This case has now proceeded to the Summary Judgment stage where Defendant Buc-ee's, Ltd. has asserted that Plaintiff's claims cannot form the basis of a prima facie showing of racial discrimination, and moreover, that even if Plaintiff can make a prima facie showing under the statute. Defendant asserts that it possesses a non-discriminatory motive for having terminated Plaintiff. These claims are multifarious, and are designed to produce a finding at variance with its own evidence advanced by Defendant Buc-ee's, Ltd. in its Motion For Summary Judgment. See Plaintiff's Exhibit A-2 Defendant Buc-ees's failed to properly maintain any of the video surveillance imagery which it used to justify Plaintiff's termination, and which it used to form the basis of their Summary Judgment

challenge. This information was specifically requested by Nelly Tamez, Investigator for the Equal Employment Opportunity Commission. In response to said request, Buc-ee's Ltd, failed to maintain any of the requested video surveillance footage depicting Plaintiff in various situational settings which it had used to justify Plaintiff's termination. Buc-ee's Ltd, moreover, never documented any alleged rule or policy violation by Plaintiff, never offered or provided Plaintiff with the opportunity to be heard in his own defense, and now attempts to suggest that Plaintiff's alleged misconduct provided the 'reasonable' basis for any untoward employment action with no showing whatsoever that these purported acts of misconduct were actual and not merely conjured for the purposes of this lawsuit. Buc-ee's had an obligation to maintain the video surveillance imagery which it relied upon to formulate the basis of Plaintiff's termination for misconduct, as it related to it's corporate policies and his termination. To relieve Buc-ee's Ltd. of this responsibility would be offensive to Title VII. There must be an inference that the recordings were not favorable to their position. The absence of any documentation whatsoever in this regard serves as the most significant denunciation of these matters. This Sur-reply is provided to include the demarcation for the specific portions of the record being referred to.

### III.   STATEMENT OF THE ISSUES AND RELEVANT FACTS

Plaintiff advances the following which supports the premise that the Defendant's Motion fails to provide evidence which establishes no material fact at issue. This point of contention lies in the fact that Defendant Buc-ee's Ltd. has claimed that Plaintiff is incapable of establishing a prime facie case of racial discrimination. It is indisputable that Plaintiff was terminated for purposes of this litigation. Did the actions of the Asst Store Manager, Andy, Goldberg violate the store's policies with regard to fair and equal treatment of store employees when he ordered Plaintiff to "stay out of the coffee room" even though Plaintiff should have been accorded the right to store his coffee mug in the coffee room like all other employees.  The fact that it became publicly -known that Management was contemplating filing sexual harassment charges against Plaintiff was commonly discussed at the store.  Defendant Buc-ee's, through its lawyer, has failed to address any of the additional complaints advanced in Plaintiff's Original and /amended petition for damages with regard to summary judgment . The claim of racial discrimination does not sufficiently address the other claims advanced by the Petition. Racial discrimination alone should state an arguable basis for relief on its

own as it has standing under the rule of optional completeness. Defendant's Motion For Summary Judgment however, does not address Plaintiff's claims of disparate treatment, hostile work environment, constructive discharge, or adverse employment impact. Each of these denigrations violate the statute and offend the US. Constitution. Each of these claims occurred individually, and are entitled to their separate review. The Defendant's Motion For Summary Judgment review is incomplete without conducting an independent factual review of these matters and should not be disregarded.

## IV. STANDARD OF REVIEW

**PLAINTIFF RELIES UPON INDIRECT EVIDENCE OF RACIAL DISCRIMINATION AND REQUESTS COURT TO EMPLOY McDONNELL-DOUGLAS BURDEN -SHIFTING ANALYSIS.**

A Plaintiff who is asserting a claim under Title VII and who may utilize indirect evidence must anticipate that the court would apply the principles as announced under the McDonnellDouglas analysis, 411 U."S at 802-02, 93 S. Ct. 1817. "Stover v. Martinez, 382 "F. 3d 1064, 1075-76 (10th Cir. 2004).

## V.
## VI.   SUMMARY OF THE ARGUMENT
## VII.   PLAINTIFF MEETS EACH OF THE CRITERIA TO ASSERT STANDING UNDER THE STATUTE AND CAN SHOW THAT DEFENDANT'S NON-DISCRIMINATORY REASONS FOR HIS TERMINATION WERE UNREASONABLE

Proving a prima facie case of racial discrimination under Title VII is similar to the prima facie case required in sex discrimination cases under Title VII " To prove a Title VII racial discrimination claim, the plaintiff must prove the following elements to make out a prima facie case (1) he/she is a member of a protected class (2) s/he was qualified for her position (3) he suffered an Adverse employment action; and (4) THE ADVERSE ACTION OCCURRED UNDER CIRCUMSTANCES GIVING RISE TO AN INFERENCE OF DISCRIMINATION. FISHER V. VASSAR COLLEGE, 114 f. 3D 1332, 1344(2D cIR. 1997) "SAMPLE v. WAL-MART STORES, INC.M 273 " F. SUPP. 2D 185, 188( d.CONN, 2003

In this instance, Plaintiff was a member of a protected class, and was qualified to perform his assigned job. There is also testimony that establishes that Plaintiff was terminated, despite the representations to the contrary made by Buc-ee's, Ltd Management (See Plaintiff's Exhibit A-1 Sworn Declaration By Stacy Damian. In

this case, Plaintiff's having been subjected to a hostile work environment was the main basis for adverse impact in the hostile environment claim. Plaintiff's termination was neither reasonable, or verifiable, with any documentation of the purported additional matters of purported misconduct ever having been documented along any lines whatsoever, and not consistent with Buc-ee's Ltd. 's policies. Plaintiff's evidence shall certainly meet this standard. See Plaintiff's A-3; Testimony of Andy Goldberg provides the court with all of the information necessary to establish his claims with the testimony of Mr. Goldberg. Mr. Goldberg admits that he instructed Plaintiff to stay out of the coffee room even though he had never imposed such sanction upon any other male employee . See. Exhibit.A-3 at 48.40 through 59:59. Mr. Goldberg admits that four acts of unverified, undocumented, unsubstantiated claims of misconduct were weighed in his personal decision to terminate PPlaintiff.See Exhibit A-3 at 49.25 through 59:59. There is absolutely no showing in the record that Mr. Goldberg received permission from either the Regional Management Leader, or the District Manager prior to requesting Plaintiff leave the store, as consistent with store policy, and consistent with Mr. Goldberg's testimony. See Exhibit A-3 at 148.14. None of the other three reasons were prevalent at the time of the meeting, and should not have been used to determine whether Plaintiff should be sent home for the remaining hours of his shift for violating the beverage policy. Plaintiff maintains that these

i
7

additional reasons served merely as a pretext cover for Defendant Buc-ee's Ltd. discriminatory actions.

## VIII.   ARGUMENT AND AUTHORITIES

For purposes of this review, Plaintiff has asserted his standing as a member of a protected class, has evidence to establish that he was qualified for his position. Plaintiff may show adverse employment impact, and may also show that he was the only male individual at the store to ever be treated in this manner by Mr. Goldberg.

In 1986, the U.S. Supreme Court held in **Celotex Corp. v. Catrett,** 477 U.S. 317 (1986) that a party seeking summary judgment does not have to provide proof, such as an affidavit, that negates the adverse party's claim. Instead, the court must grant a motion for summary judgment against a party who does not establish an essential element of their case for which they have the burden of proof. The court also held that a defendant cannot get summary judgment by relying upon a conclusory assertion that the Plaintiff does not have evidence to support the complaint. The court's role is not to weigh the evidence when deciding a motion for summary judgment, but to determine if there is a material fact in dispute. Generally, a trial court deciding whether to grant a motion for summary judgment

must judge the facts in the light most favorable to the non-moving party, drawing any reasonable inferences in that party's favor. The Supreme Court in 2007 held in **Scott v. Harris,** 127 S. Ct. 1769 that a trial court should not adopt a party's version of the facts when the record 'blatantly contradicts' it such that a reasonable jury could not believe it. The trial court, therefore, must view the facts in the light most favorable to the party opposing the motion for summary judgment only if there exists a genuine dispute regarding those facts. In this case, all the material facts of the case are highly disputed. Plaintiff claims that he was terminated, while the Defendant asserts that Plaintiff quit his job, and left while still on the clock. Exhibit A-2 depicts the meeting resulting in the Plaintiff's termination. This determination must be made prior to any remaining issues may be challenged by way of motion for summary judgment. If Mr. Goldberg was relying upon company policy, he did not follow it. He claimed that he received prior authorization from Ms. Carlisle on the date of the incident resulting in Plaintiff's termination. It is noteworthy that there is no affidavit from Ms. Carlisle verifying that she authorized Mr. Goldberg to send Plaintiff home for his shift. Mr. Goldberg ordered Plaintiff to "LEAVE THE STORE" loudly. These actions indicated to Plaintiff that he was being terminated. The remaining issues relating to Buc-ee's Ltd's claim of having a non-discriminatory basis for terminating Plaintiff's employment may not be reviewed as the facts were never documented for any purposes. This presents a

separate due process issue which likewise, must be determined prior to the granting of summary judgment in this case.

## IX. CONCLUSION

Based upon the above, it is clear that the Defendant's Motion For Summary Judgment does not contain any evidence to support a finding that there are no material facts which remain in dispute, relating to any claims advanced by their Motion For Summary Judgment. Accordingly their Motion Should be in all things denied.

## X. PRAYER

**WHEREFORE PREMISES CONSIDERED,** Plaintiff prays that this Honorable Court would in all things, deny Defendant Buc-ee's Ltd.'s Motion For Summary Judgment.

Motion For Summary Judgment, and bind this lawsuit over for trial on the merits.

Respectfully Submitted,

/s/ _____
Charles Otis Herring - Plaintiff
808 College Street
El Campo, Texas 77437
herring.charles@yahoo.com

# Exhibits

| | |
|---|---|
| **A-1** | Sworn declaration from Stacy Damian |
| A-2 | Tape of meeting between Plaintiff and Andy Golderg |
| A-3 | Zoom recording of Deposition of Andy Goldberg |
| A-4 | Zoom recording of Deposition of Quita Cooper |
| A-5 | Zoom recording of Deposition of Lance Hornsby |
| **A-6** | **Sworn Affidavit of Plaintiff Charles Otis Herring** |